UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CATHERINE GILLARD-POWELL, Plaintiff<br><br>v.<br><br>LINEAR MORTGAGE LLC and MADISON MANAGEMENT SERVICES, LLC<br>Defendants | No. 24 CV 05828<br><br>Judge Jeremy C. Daniel |

## ORDER

The defendants' motion to dismiss [17] is granted. Civil case terminated.

## STATEMENT

The plaintiff, Catherine Gillard-Powell, brings this class action lawsuit on behalf of herself and other similarly situated individuals against the defendants, Linear Mortgage, LLC ("Linear") and Madison Management Services, LLC ("Madison"). She alleges contempt of a bankruptcy court's confirmation order pursuant to 11 U.S.C. § 105, violations of the Illinois Mortgage Act ("IMA"), 765 ILCS 905/2, *et seq.*, and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1, *et seq.* (*See generally* R. 1 ("Compl.").)[1]

The relevant facts[2] are these: sometime before September 30, 2016, the plaintiff "incurred a debt to Neighborhood Lending Services ("NLS")[3] to purchase real property . . . and granted NLS a second-position security interest in the real property through a perfected lien." (*Id.* ¶ 8.) On September 30, 2016, the plaintiff filed a voluntary petition for Chapter 13 bankruptcy relief in the United States Bankruptcy Court for the Northern District of Illinois. (*Id.* ¶ 7.) On February 9, 2017, NLS, having received a copy of the proposed Chapter 13 plan, filed a proof of claim in the plaintiff's Chapter 13 case. (*Id.* ¶¶ 9, 12.) On March 9, 2017, the bankruptcy court entered an Order confirming the plaintiff's bankruptcy plan. (*Id.* ¶ 15.)

---

[1] For ECF filings, the Court cites to the page number(s) set forth in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.
[2] "All facts properly pleaded are taken as true for purposes of [a] motion to dismiss." *See Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 584 (7th Cir. 2021).
[3] NLS is not a party to this action.

While the plaintiff's Chapter 13 case was pending, NLS sold or transferred her loan to Linear. (*Id.* ¶ 17.) The plaintiff made all payments required by the Chapter 13 plan, and Linear was paid as an unsecured creditor as set forth in the plan. (*Id.* ¶ 19.) The plaintiff received a Chapter 13 discharge on January 21, 2022. (*Id.* ¶ 20.)

The plaintiff asserts that sometime after the discharge, and without her knowledge, Linear sold or transferred her loan to Mega Income Trust UTD,[4] who engaged Madison as the loan servicer. (*Id.* ¶ 21.) Thereafter, Madison "began contacting the plaintiff to collect the satisfied debt by telephone." (*Id.* ¶ 22.) The plaintiff alleges that during those conversations, "Madison threatened to foreclose and sell [her] home." (*Id.*) Throughout the fall of 2022, the plaintiff personally, and through her bankruptcy counsel, informed Madison that the loan was satisfied. (*Id.* ¶¶ 23–25.) On January 5, 2023, Madison informed the plaintiff "that it had recorded a satisfaction" of the lien. (*Id.* ¶ 26.) The plaintiff asserts that the defendants' failure to timely release the lien violated the bankruptcy court's order, the IMA, and the ICFA. (*Id.* ¶¶ 40–63.)

Now, the defendants move to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and (b)(6). "A motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter jurisdiction." *Billups v. PHH Mortgage Corp.*, No. 19 C 5891, 2021 WL 83507, at *3 (N.D. Ill. Jan. 11, 2021) (citing Fed. R. Civ. P. 12(b)(1)). When "subject matter jurisdiction is not evident on the face of the complaint, the motion to dismiss . . . [is] analyzed as any other motion to dismiss, by assuming for purposes of the motion that the allegations in the complaint are true." *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012). The party asserting jurisdiction has the burden of proof to convince the Court that jurisdiction exists. *Id.*

A Rule 12(b)(6) motion "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). To survive dismissal, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *O'Brien v. Vill. of Lincolnshire*, 955 F.3d 616, 621–22 (7th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The Court must analyze the threshold issue of subject matter jurisdiction; without it, the Court cannot adjudicate the plaintiff's claims. The defendants point to *Cox v. Zale Delaware, Inc.*, 239 F.3d 910 (7th Cir. 2001) to argue that the "sole mechanism to enforce a violation of a [b]ankruptcy [c]ourt order is a contempt proceeding in the [b]ankruptcy [c]ourt that entered the order." (R. 17 at 5.) In other words, it is their view that district courts "may not hear cases alleging the defendant violated a bankruptcy order." (R. 24 at 2 (citations omitted).) The plaintiff counters that because district courts "have original jurisdiction over matters arising under the bankruptcy code," "there is no basis to conclude that [a] bankruptcy court possesses jurisdiction

---

[4] Mega Income Trust UTD is not a party to this action.

in any situation where the district court does not." (R. 18 at 4, 6.) She relies on the Supreme Court's decision in *Taggart v. Lorenzen*, 587 U.S. 554 (2019) which she asserts stands for the proposition that "other courts have concurrent jurisdiction with the bankruptcy court to determine whether a debt had been discharged or was excepted from discharge." (*Id.* (citing *Taggart*, 587 U.S. at 564).)

The plaintiff's reliance on *Taggart* is unpersuasive. *Taggart* concerned the "criteria for determining when a court may hold a creditor in civil contempt for attempting to collect a debt that a discharge order has immunized from collection," which is not the issue here, *i.e.*, whether a district court may enforce a discharge order. *Taggart*, 587 U.S. at 556. The language the plaintiff relies on for her argument is also taken out of context. The Supreme Court, while rejecting a proposal about the use of a bankruptcy mechanism called an "advance determination procedure"—also not at issue in this case—commented that a "widespread use of [the advance determination procedure] [ ] would alter who decides whether a debt has been discharged, moving litigation out of *state* courts, which have concurrent jurisdiction over such questions, and into federal courts." *Id.* at 564 (emphasis added). This is not, as the plaintiff suggests, a wholesale endorsement on whether the district courts are the appropriate venue for enforcing violations of bankruptcy court orders.

The settled law of the Seventh Circuit is that the bankruptcy court that "issued the discharge order is in a better position to adjudicate the alleged violation, assess its gravity, and on the basis of that assessment formulate a proper remedy." *Cox*, 239 F.3d at 916. While *Cox* considered this question in the context of debt-reaffirmation agreements—another facet of bankruptcy law not at issue here—its analysis of the section of the bankruptcy code presently at issue, 11 U.S.C. § 524(a)(2),[5] was not so limited. *See Cox*, 239 at 915 (analyzing the overall remedial scheme of section 524(a)(2)). The *Cox* court noted that section 524(a)(2) prohibits lawsuits by the holders of discharged debts against the debtor. *Id.*

Here, the allegations set forth in Count I constitute a claim by a holder of a discharged debt against a debtor. (*See* Compl. ¶¶ 40–47.) The Court does not have subject matter jurisdiction over that type of claim. *See, e.g., Pucillo v. National Credit Sys., Inc.*, 66 F.4th 634, n. 4 (7th Cir. 2023) (citing both § 524(a)(2) and *In re Sterling*, 933 F.3d 828, 832 (7th Cir. 2019)) ("A bankruptcy discharge enjoins any efforts to collect on discharged debts. A debtor who believes that a collection agency has willfully violated the court's injunction may seek recourse for contempt in the bankruptcy court."); *Dore v. Five Lakes Agency, Inc.*, No. 14 C 6515, 2015 WL 4113203, *2 (N.D. Ill. Jul. 8, 2015) (noting that asking the bankruptcy judge to hold a party in contempt of a discharge order is the "only remedy [available] under Section 524—she cannot file suit directly

---

[5] The plaintiff brings Count I pursuant to section 105 of the bankruptcy code, but that provision does not provide a private right of action. Rather, section 105 simply lays out the powers that *bankruptcy judges*, *see Cox*, 239 F.3d at 916–17, have in carrying out the provisions of that title. *See* § 105. Section 524 is a remedial scheme that governs the effects of bankruptcy discharge and is the applicable provision for this analysis. *See Cox*, 239 F.3d at 915.

in federal district court.") (collecting cases). Therefore, Count I is dismissed without prejudice.

Counts II and III set forth Illinois state law claims. (*See* Compl. ¶¶ 48–63.) Absent a viable federal claim, the Court declines to exercise supplemental jurisdiction over Counts II and III. *Burritt v. Ditlefsen*, 807 F.3d 239, 252 (7th Cir. 2015). These claims are also dismissed without prejudice. In light of the foregoing analysis, the Court does not reach any of the parties' Rule 12(b)(6) arguments.

Date: January 13, 2025

JEREMY C. DANIEL
United States District Judge